## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| RAE ANN SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-1038 |
| | ) | |
| Jeffery Hall, | ) | |
| County of Peoria, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or, alternatively, to stay these proceedings pending resolution of state criminal proceedings against Plaintiff (d/e 3).  For the reasons below, the Court recommends that the motion be granted to the extent Defendants seek a stay of these proceedings, and to the extent they seek dismissal of the punitive damages claim against Peoria County.  The Court recommends denial of the motion in all other respects.

## STANDARD OF REVIEW

On a Fed. R. Civ. P. 12(b)(6) motion, Plaintiff's allegations are accepted as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to Plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Allegations in other filings may be considered if consistent with the Complaint.  Gutierrez v. Peters, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997); Hrubec v. Natl. R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992).  Matters beyond the pleadings cannot be considered unless the motion is treated as one for summary judgment and the parties receive notice and an opportunity to respond.  *See* Fed. R. Civ. P. 12(b)(6); Ribondo v. United Airlines, Inc., 200 F.3d 507, 510 (7th Cir. 1999).

## ALLEGATIONS

The allegations are taken from the Complaint and from Plaintiff's response to the motion to dismiss.

In February, 2005, Plaintiff was incarcerated in the Peoria County Jail on a domestic battery charge.[1]  Because she was on suicide watch, she was naked, with only a blanket for cover.

Plaintiff told jail personnel, including Defendant Hall, that she needed her prescribed medication (Paxil), sanitary products (because she was menstruating), and toilet paper.  Hall and others repeatedly refused her requests.  As a result, Plaintiff was forced to use the blanket, the sole means of covering herself, to clean herself.  Plaintiff had nothing but this soiled blanket when she was forced to walk in front of male inmates to use the telephone.

Defendant Hall continued to refuse Plaintiff's repeated requests, taunting her by holding up toilet paper out of her reach.  Other inmates on suicide watch were allowed toilet paper.  Plaintiff kicked the door, continuing to demand toilet paper.  Hall directed her to stop, warning her not to "piss him off."  Hall then "stormed into Plaintiff's cell, lifted her off the

---

[1] If Plaintiff was a pretrial detainee, her constitutional claims fall under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment as stated in her Complaint, but "there is 'little practical difference between the two standards.'" Mayoral v. Sheahan, 245 F.3d 934, 938 (7th Cir. 2001)(quoted cited omitted).  Due process protections afford pretrial detainees protections "'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Tesch v. County of Green Lake, 157 F.3d 465, 473-73 (7th Cir. 1998)(quoted cite omitted); see also Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

ground by her neck, slammed her to the ground, straddled her and began punching her in the mouth and head." (Complaint ¶21). Defendant Peoria County knew or should have known that Hall had violent tendencies, yet allowed Hall to continue his employment.

Plaintiff filed this action in February, 2006, pursuing constitutional and state claims arising from the foregoing allegations.

## ANALYSIS

### I. Heck v. Humphrey

Plaintiff pursues excessive force claims under 42 U.S.C. § 1983, along with a state claims for assault, battery and intentional infliction of emotional distress. (Complaint, d/e 1, Counts I, III, IV, V).

Defendants advance that Plaintiff's excessive force claim calls into question the validity of pending state criminal proceedings against her for aggravated battery under 720 ILCS 5/12-4(b)(6). They therefore contend that her claim has not yet accrued within the dictates of Heck v. Humphrey, 512 U.S. 477 (1994) and progeny.

In the alternative, Defendants ask to stay this proceeding pending disposition of the criminal proceedings. Plaintiff does not object to a stay. Staying the case is not an option, however, if Heck bars the suit. "Under

[Heck], dismissal and not a stay would be the proper disposition for a § 1983 claim that was brought prematurely." Clayton-El v. Fisher, 96 F.3d 236, 244 n.4 (7th Cir. 1996). The Heck question must therefore be answered first.

A bill of indictment against Plaintiff is attached to Defendants' motion. (d/e 4). Plaintiff does not mention the indictment in her Complaint, but she concedes in her response that the indictment against her "alleges that Plaintiff caused bodily harm to Jeffrey Hall without legal justification." It is therefore appropriate to consider the bill of indictment, which in any event could be considered on a motion to dismiss as a matter of public record. *See* Henson v. CSC Credit Serv., 29 F.3d 280, 284 (7th Cir. 1994)(court may consider matters of public record on motion to dismiss). The indictment alleges that Plaintiff:

> without legal justification knowingly caused bodily harm to Jeffery Hall, a correctional institution employee, in that she struck and bit Jeffrey Hall knowing him to be a correctional institution employee engaged in the execution of his official duties . . .

(d/e 4, attached exhibit).[2]

---

[2]There is no information on the current status of the criminal proceeding.

The purpose of Heck is to prevent an "end-run" around habeas corpus procedures:

> [A] section 1983 suit for damages that would 'necessarily imply' the invalidity . . . of an inmate's conviction, . . . is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence. . . . This 'favorable termination' requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief-challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute.

Nelson v. Campbell, 541 U.S. 637, 646-47 (2004), *quoting* Heck v. Humphrey, 512 U.S. 477, 487 (1994)(other citations omitted).

Plaintiff points out that she has never been incarcerated on the aggravated battery charge, but the Heck rule applies to potential convictions on pending charges, as well as to outstanding convictions. Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n.8 (7th Cir. 2001); Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997).

Defendants assert that the indictment is diametrically opposed to Plaintiff's version of the incident, "since an unprovoked attack would have

given Plaintiff the legal justification of self-defense" to the criminal charge.

(d/e 4, p.3).  In her response, Plaintiff

> agrees that these two scenarios are the exact opposite. However, they both deal with the same set of facts. It is not contested that Jeffrey Hall punched [Plaintiff] in the face, nor is it contested that [Plaintiff] bit Jeffrey Hall. The only question to be decided in both cases is who was the aggressor and who was defending themselves.

(d/e 9, p. 3).

Plaintiff's response nearly pleads herself into Heck-barred territory. Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003)("[I]f [the plaintiff] makes allegations that are inconsistent with the conviction's having been valid *Heck* kicks in and bars his civil suit. [Citations omitted]. He is the master of his ground."), *cert. denied*, 123 S.Ct. 2265 (2003). However, that conclusion is not beyond doubt at this stage. The indictment deals with Plaintiff's actions; it says nothing about what Hall did or did not do. The Court can conceive of facts consistent with the allegations in Plaintiff's Complaint that would support a conclusion that both were at fault–Plaintiff of aggravated battery and Hall of excessive force.  *See* Brengettcy v. Horton, 423 F.3d 674, 683 (7th Cir. 2005)(conviction for aggravated battery did not bar excessive force claim where officer used excessive force in response to inmate's battery); Gregory v. Oliver, 226 F.Supp.2d 943, 952

(N.D. Ill. 2002)(guilty plea to aggravated assault charge did not bar excessive force claim); Ruffin v. Kane County Sheriff Dep't, 2006 WL 2088186 (N.D. Ill.)(same). The same reasoning applies to Hall's argument that he could not be liable for the claimed punitive damages if Plaintiff is guilty of aggravated battery.

In short, despite Plaintiff's response, the Court cannot conclude with certainty that Plaintiff's excessive force claim, if successful, would "create two conflicting resolutions out of the same incident." Heck, 512 U.S. at 484, 114 S.Ct. 2364. More facts are needed to make that determination. Accordingly, the Court recommends denial of the motion to dismiss Plaintiff's claims on Heck grounds.

**II. Abstention and Stay**

Having determined that Heck does not necessarily bar the excessive force claim, the Court must determine whether abstention and stay is warranted. Simpson v. Rowan, 73 F.3d 134, 137 (7th Cir. 1996).

In Simpson, the Seventh Circuit held that Heck did not bar a civil rights suit for damages based on Fourth Amendment violations incident to an arrest and consequent conviction for murder. The Simpson Court affirmed the District Court's decision to abstain in light of the plaintiff's

pending criminal appeal, reasoning that the damages action raised constitutional issues that might be adjudicated in the criminal appeal, and could therefore interfere with the Illinois Supreme Court's consideration of those issues.  Simpson, 73 F.3d at 134.  Simpson further concluded that a stay, rather than a dismissal, was required, since the plaintiff could not seek damages in his pending state proceedings.  Id. at 138-39.

Like Simpson, Hall's alleged excessive force is conceivably important to Plaintiff's defense in her criminal proceedings.[3]  *See* 720 ILCS 5/7-1 (discussing elements of statutory self-defense).  The Court therefore believes the claims arising from the excessive force incident present a substantial possibility of interfering with the state criminal proceedings–the kind of "federal-state friction" that abstention is designed to avoid.  *See* Robinson v. Lother, 2004 WL 2032120 (N.D. Ill. 2004, Magistrate Judge Anderson)(granting stay of excessive force claim where appeal of conviction for resisting arrest pending)(not reported in F.Supp.2d).

---

[3] The Court says "conceivably" because the Court has no information on what defense Plaintiff has proffered in the criminal proceedings, if any.  The Court recognizes that the Plaintiff's defense in her criminal proceeding may be dispositive of the Heck question, but that recognition only supports the Court's conclusion that the decision should be made at summary judgment.  Other than the indictment, there is no information in the record about the status of the criminal proceedings.

Though the parties do not address the issue, Plaintiff's Eighth Amendment claim for cruel and unusual punishment (Count II) arguably arises from the events that preceded the excessive force (for example, the refusal of toilet paper and sanitary products). *See* Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)("[G]ratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment . . . [T]he wanton infliction of psychological pain is also prohibited.")(citations omitted); Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001)("While the Constitution does not require that prisons be comfortable, prison conditions do violate the Constitution where they 'deprive inmates of the minimal civilized measure of life's necessities.'")(citations omitted).  Plaintiff's success on this claim (to the extent it is viable) would not affect the validity of the criminal charge against her for aggravated battery.

No partial stay is requested; Defendants ask only to stay "the proceedings," and Plaintiff agrees.  On that basis, a stay of the entire case is appropriate.  In any event, a partial stay would only waste this Court's judicial resources and cause unnecessary duplication and confusion.  All

the claims involve the same parties and the same two-day time frame at Peoria County Jail.

### III. Punitive Damages against Peoria County

Plaintiff concedes that punitive damages are not recoverable against Peoria County, so the issue is moot.  (d/e 9, p.3).

### IV. Peoria County

The County contends that Plaintiff cannot sue the County for employing Hall, since the County does not employ county jail correctional officers.  The County reasons that all claims against it should be dismissed because those claims are based on an employment relationship that does not exist.

Plaintiff does not dispute that, under Illinois law, the Sheriff has the authority to hire and fire Hall.  Nor does Plaintiff dispute that the Sheriff's Office is a separate legal entity from the County.  She argues instead that the County may be liable for the Sheriff's unconstitutional policies under Monell v. Dep't of Social Services, 436 U.S. 658 (1978) and Anderson v. Gutschenritter, 836 F.2d 346 (7th Cir. 1988), because the Sheriff is a final policy maker for the County.  In the alternative, she asks to substitute the

Sheriff as a defendant for the County, or to amend her Complaint to add the Sheriff as a defendant.

Applying controlling precedent, it is clear that the Peoria County Sheriff's *liability* cannot be attributed to Peoria County under *Monell, Anderson*, or state law, even though the Sheriff is a County official. DeGenova v. Sheriff of DuPage County, 209 F.3d 973, 976-77 (7th Cir. 2000)(Sheriff has final policy making authority over jail, as agent for county--"the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity."); Franklin v. Zaruba, 150 F.3d 682, 685 (7th Cir. 2000)(affirming dismissal of county--". . . sheriff is an agent of the county sheriff's department, an independently-elected office that is not subject to the control of the county in most respects."); Moy v. County of Cook, 640 N.E.2d 926, 159 Ill. 2d 519 (1994)(county not liable on basis of *respondeat superior* for sheriff's actions); Cooper v. Office of the Sheriff of Will County, 333 F.Supp.2d 728, 737-38 (N.D. Ill. 2004)(county not liable for sheriff's action's but must remain as necessary defendant).[4]

---

[4]Plaintiff's arguments have succeeded in at least two district court cases, but both of those cases were decided before DeGenova and Frank. Hernandez v. County of DuPage, 1997 WL 598132 (N.D.Ill., Judge Coar)(not reported in F.Supp.); Buckley v. County of DuPage, 1997 WL 587594 (N.D. Ill. 1997, Judge Coar)(not reported in F.Supp). Additionally, both of those cases effectively called for reversal of established Seventh Circuit precedent. See Luna v. U.S., — F.3d —, 2006 WL 1975400 *3 (7th Cir. 2006). ("Ours is a hierarchical system. . . . ").

Accordingly, the Court recommends that Plaintiff's request to file an amended Complaint adding the Peoria County Sheriff as a defendant be granted. The Court states no opinion on the capacity in which the Sheriff should be sued (individually, officially, or both) or on the legal viability of those claims.[5,6] The Court believes that the amended complaint should be filed now and served on the Sheriff, even if this case is stayed, in order to facilitate the progression of this lawsuit once the stay is lifted.

However, the County should not be dismissed.  Peoria County may be a necessary party in an action against the Sheriff (assuming the Complaint is amended). Carver v. Sheriff of LaSalle County, 203 Ill.2d 497, 787 N.E.2d 127 (2003)(in answer to 7th Circuit's certified question, county is

---

[5] The Sheriff, individually or in an official capacity, cannot be liable on a *respondeat superior* basis under 42 U.S.C. Section 1983, but may be liable, individually, under Section 1983 if *personally responsible* for constitutional violations. See Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988)(citations omitted). A Section 1983 claim against the Sheriff in his official capacity under Section 1983 is a claim against sheriff's office for unconstitutional practices or policies, not for respondeat superior liability. See Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997)(official capacity claim against sheriff is a claim against county sheriff's department); DeGenova, 209 F.3d 973 (7th Cir. 2003). Respondeat superior liability may or may not be available under state law. See 55 ILCS 5/3-6016; Brown v. King, 328 Ill.App.3d 717, 767 N.E.2d 357 (1st Dist. 2001).

[6] For example, immunities granted under state law for local governmental employees or statutes of limitation might be relevant. See, e.g., 745 ILCS 10/2-201 *et seq.*; Johnson v. Mers, 279 Ill.App.3d 372 (2d Dist. 1996)(hiring police officer discretionary act subject to immunities).

required to pay judgment entered against sheriff's office in official capacity); Carver v. Sheriff of LaSalle County, 324 F.3d 947 (7th Cir. 2003)(acknowledging Illinois Supreme Court's answer and holding that county is necessary party in any suit seeking damages from sheriff in official capacity); Cooper, 333 F. Supp. 2d at 738.

WHEREFORE, the Court RECOMMENDS that Defendants' motion to dismiss be granted in part and denied in part (d/e 3). The Court recommends that this case be stayed, pending the conclusion of state criminal proceedings against Plaintiff in Illinois v. Snyder, 05-CF-00176 (Peoria County Circuit Court), *except that*, within a time certain, the Plaintiff file and serve an amended complaint that adds the Peoria County Sheriff as a defendant and otherwise conforms to this Recommendation. The Court FURTHER RECOMMENDS that the punitive damages claim against Defendant Peoria County be dismissed. The Court LASTLY RECOMMENDS that the motion be denied in all other respects.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:   August 15, 2006

                                             s/ Byron G. Cudmore
                                  _____
                                      BYRON G. CUDMORE
                              UNITED STATES MAGISTRATE JUDGE