# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| RAE ANN SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-CV-1038 |
| ) | |
| JEFFREY HALL, COUNTY OF ) | |
| PEORIA, and PEORIA COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' Motion to Dismiss for Want of Prosecution (d/e 17) and Plaintiff's Response (d/e 19).  For the reasons below, the Court recommends that the Defendants' Motion (d/e 17) be denied.

## BACKGROUND

The above cause was filed February 17, 2006 (d/e 1).  On August 15, 2006, the undersigned filed a previous Report and Recommendation (d/e 10).   As part of that Report and Recommendation it was

recommended that the matter be stayed pending the conclusion of a state criminal case. On August 31, 2006, U.S. District Judge Mihm adopted the Report and Recommendation and ordered the case stayed (d/e 11). Judge Mihm also ordered the Plaintiff to file an Amended Complaint in accord with the Report and Recommendation within 14 days. On September 14, 2006, after the matter was already stayed, the Plaintiff filed her Amended Complaint against all Defendants (d/e 12) adding Defendant Peoria County Sheriff's Office. Periodically thereafter, status reports were filed by the parties indicating the status of the underlying criminal case. On May 27, 2008, Judge Mihm entered an order lifting the stay as the underlying state criminal case had been resolved. On June 10, 2008, the Motion to Dismiss (d/e 17) was filed arguing that service was not perfected on the Defendant added in the Amended Complaint within the 120-day provision of Rule 4.

## ANALYSIS

Plaintiff's Response (d/e 19) and her memorandum in support thereof (d/e 20) set out the pertinent background information. Plaintiff argues that "although 120 days has passed since the filing of the Amended Complaint, this matter has been stayed by the Court from August 31, 2006 until May 28, 2008. Therefore, the stay has been lifted for only 30 days, and 120

days has not passed since the lifting of the stay." The Court agrees at least in part with this position. The Court's research has located two different cases factually similar to the instant issue. In <u>Vitaich v. City of Chicago</u>, Not Reported in F.Supp., 1995 WL 493468 (N.D. Ill.), at pages four and five, District Judge Coar is faced with a similar motion to dismiss for a 120-day rule violation after a stay for an underlying criminal case had been entered. Judge Coar discussed the discretion afforded the Court under Rule 4 and discussed the history of the stay as it affected the 120-day service rule.[1] The <u>Vitaich</u> case is instructive herein. The Court believes that when Judge Mihm entered the stay on August 31, 2006, he anticipated a complete stay of the litigation. That complete stay would have also stayed Plaintiff's duty to serve Defendant Peoria County Sheriff's Office within 120 days of the filing of the Amended Complaint.[2]

Even with the holding of <u>Friedman</u> cited in the footnote above, the undersigned believes that the clear wording of Rule 4 grants discretion herein. Plaintiff's belief that the Court's stay, did in fact cause the entire

---

[1] A previously assigned Judge had lifted the stay on a specific date. Judge Coar found that lifting that stay triggered the running of the 120-day rule and that all defendants who had not been served yet were properly thereafter served.

[2] A case contra to <u>Vitaich</u> is <u>Friedman v. Estate of Presser</u>, 929 F.2d 1151 (6th Cir., 1991). Therein, the Court found that a stay did not impact non-parties. Accordingly, the stay did not toll the 120-day period for service on process on new defendants.

litigation to come to a standstill creates good cause for the failure to serve Peoria County Sheriff's Office within 120 days of the filing of the Amended Complaint.  That finding of good cause triggers the Court's ability to grant an extension of time to serve the new Defendant.  Therefore, as an alternative, the Court recommends Plaintiff be granted an additional period of time until a date certain to serve the new Defendant, Peoria County Sheriff's Office.[3]

## CONCLUSION

WHEREFORE the undersigned respectfully requests that Defendants' Motion to Dismiss for Want of Prosecution (d/e 17) be denied and that all Defendants be ordered to answer on or before a date certain after service on Defendant Peoria County Sheriff's Office.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

---

[3] Plaintiff, in her memorandum (d/e 20), shows the steps that were taken to obtain a waiver of service of summons.  Plaintiff indicates Defendant Peoria County Sheriff's Office will now be served immediately through formal summons process.  The Court cannot foresee any prejudice to any of the Defendants as any delay herein was a consequence of the Court's ordered stay.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:   July 1, 2008

                                       *s/ Byron G. Cudmore*
                            _____
                               BYRON G. CUDMORE
                       UNITED STATES MAGISTRATE JUDGE