IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |  |
|---|---|---|
| Rae Ann Snyder, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-1038 |
| | ) | |
| Jeffrey Hall, | ) | |
| County of Peoria, | ) | |
| Peoria County Sheriff's Office | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Peoria County and the Peoria County Sheriff's Office have moved separately to dismiss Plaintiff's Third Amended Complaint for failure to state a claim.  For the reasons below, the Court recommends that the motion by the Sheriff's Office be denied, and that County's motion be granted.  However, the Court also recommends that the County remain in the case as a necessary party.

### Standard

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted)(also noting that Bell Atlantic made clear that the Supreme Court had not supplanted basic notice pleading standard).

## Background

Plaintiff filed this case in February 2006, pursuing federal and state claims against Defendant Hall, an officer of the Peoria County Jail, for his alleged excessive force, cruel and unusual punishment, and assault and battery on her during her incarceration as a pretrial detainee at the Peoria County Jail. (Original Complaint, d/e 1, Counts I, II, IV, V). Plaintiff also pursued a § 1983 claim and a state claim against Peoria County for retaining Hall, and sought payment from the County under 745 ILCS § 10/9-102 for any judgment obtained against Hall. (Original Complaint, d/e 1, Counts III, VI).

In August 2006, this case was stayed pending resolution of a criminal case against Plaintiff, which involved the same incident. (8/31/06 Order, Judge Mihm)(adopting Report and Recommendation). The stay was lifted in May 2008, (5/27/08 text order), and the case proceeded on Plaintiff's Amended Complaint (d/e 12), which added the Peoria County Sheriff's Office as a defendant. (d/e 12). Plaintiff was permitted to file a Second Amended Complaint (d/e 31) and then a Third Amended Complaint (d/e 47), the Complaint at issue here.

The Third Amended Complaint recounts essentially the same allegations as the original Complaint, insofar as the incidents involving Hall. Those allegations are set forth in the Court's Report and Recommendation of August 15, 2006 (d/e 10) and are not recounted here.

## Analysis

### I. Peoria County's Motion to Dismiss (d/e 48)

Count III of the Third Amended Complaint pursues a 42 U.S.C. § 1983 claim against the County and the Sheriff for retaining Hall and for "willfully refusing to provide Plaintiff with necessary medical treatment . . . ." (d/e 47, Count III, ¶ 36-37). The County moves to dismiss this claim against it on the grounds that the Sheriff's Office, not the County, employed

Hall.

As the Court stated in its August 15, 2006 Recommendation on the motion to dismiss the original Complaint:

> Plaintiff does not dispute that, under Illinois law, the Sheriff has the authority to hire and fire Hall. Nor does Plaintiff dispute that the Sheriff's Office is a separate legal entity from the County. . .
>
> Applying controlling precedent, it is clear that the Peoria County Sheriff's *liability* cannot be attributed to Peoria County under *Monell, Anderson*, or state law, even though the Sheriff is a County official. DeGenova v. Sheriff of DuPage County, 209 F.3d 973, 976-77 (7th Cir. 2000)(Sheriff has final policy making authority over jail, as agent for county--"the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity."); Franklin v. Zaruba, 150 F.3d 682, 685 (7th Cir. 2000)(affirming dismissal of county—". . . sheriff is an agent of the county sheriff's department, an independently elected office that is not subject to the control of the county in most respects."); Moy v. County of Cook, 640 N.E.2d 926, 159 Ill. 2d 519 (1994)(county not liable on basis of *respondeat superior* for sheriff's actions); Cooper v. Office of the Sheriff of Will County, 333 F.Supp.2d 728, 737-38 (N.D. Ill. 2004)(county not liable for sheriff's action's but must remain as necessary defendant).

Plaintiff appears to concede that Count III cannot be pursued directly against the County. (Plaintiff's Response, d/e 54, p. 2)("Plaintiff agrees with Defendant that the County is not the employer of Jeffrey Hall."). Plaintiff contends instead that the County must remain in as a necessary party for the purpose of paying a judgment, a contention no one disputes.

As written, Count III is confusing because Plaintiff appears to pursue direct liability against the County for retaining Hall, as well as some sort of vicarious or respondeat superior liability against the County for the constitutional deprivations. Plaintiff does not explain the legal basis for those claims, nor does the Court see any given the precedent cited above. Accordingly, the Court will recommend that Count III be dismissed against the County, but that the County remain in the case as a necessary defendant.

## II. Sheriff's Office Motion to Dismiss (d/e 50)

Plaintiff agrees that she is suing the Sheriff's Office, not the Sheriff in his individual capacity. (d/e 55, p. 1). DeGenova v. Sheriff of DuPage County, 209 F.3d 973 (7th Cir. 2000)(§ 1983 official capacity suit against sheriff is suit against sheriff's office); Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997)(official capacity claim against sheriff is a claim against county sheriff's department). An official capacity suit requires Plaintiff to show the establishment of unconstitutional policies or the deliberate failure to implement policies to fix systemic and pervasive constitutional deprivations. Armstrong v. Squadrito, 152 F.3d 564, 578-79 (7th Cir. 1998).

> Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. . . ."The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.' " . . . *see also* Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir.2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.' "(*quoting Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir.2007))).

Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008)(internal quotes omitted). "[T]he plaintiff must show that the official policy or custom was the cause of the alleged constitutional violation-the '"moving force"' behind it.'" Id. (internal quotes omitted). "'[T]he plaintiff must show the municipality was aware either of actual deprivations or of such a strong likelihood of imminent (though unrealized) deprivations that any reasonable person would have taken preventative measures.'" Jones v. City of Chicago, 787 F.2d 200, 205 (7th Cir. 1986), *quoting with approval* Jones v. City of Chicago, 608 F. Supp. 994, 1000 (N.D. Ill. 1985).

Plaintiff's claim against the Sheriff's Office appears to be based on Defendant Hall's alleged routine practice of violating policy by opening cell doors and entering the cells of inmate and pretrial detainees. (Third

Amended Complaint ¶¶ 24-25).  According to the allegations, the Sheriff's Office knew about Hall's routine violations from the ubiquitous security cameras, but failed to take any action.  Plaintiff also alleges that the Sheriff's Office "willfully allowed" Hall to violate her Constitutional rights and continued to employ Hall "despite [his] past actions and conduct . . . ."  (Third Amended Complaint ¶30-31).

The Court agrees with the Sheriff that the basis for an unconstitutional policy claim is murky.  Municipal "'liability is not founded on a theory of vicarious liability or respondeat superior . . . .  Rather, a municipal policy or practice must be the "direct cause" or "moving force" behind the constitutional violation.'"  Woodward v. Correctional Medical Services of Illinois, 368 F.3d 917, 927 (7th Cir. 2004)(quoted and internal cites omitted).  The Sheriff's Office is liable for "inaction in response to the misconduct of its employees . . . only where the injury is caused by 'faults "systemic in nature."'"  Jones v. City of Chicago, 787 F.2d 200, 204 (7th Cir. 1986)(quoted cites omitted).  How Hall's practice of entering of cells amounted to a constitutional violation is not clear.  Violation of jail policy is not, by itself, a violation of the Constitution.  See Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006)("[T]his court has consistently

held that '42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations and police practices." )(quoted cite omitted).

However, the Court believes it would be premature to dismiss the policy claim at this stage, before Plaintiff has had a chance at discovery. Plaintiff essentially alleges that the Sheriff's Office had notice that Hall posed a substantial risk of serious harm to inmates and detainees yet deliberately failed to take any action to prevent that harm. Plaintiff cannot fairly be expected to have the facts necessary to provide more detail without discovery. The Court believes Plaintiff gives fair notice of her claim against the Sheriff's Office, which is all she must do at this stage. Accordingly, the Court will recommend that the Sheriff's motion to dismiss be denied.

WHEREFORE, the Court RECOMMENDS that the motion to dismiss by Peoria County be granted (d/e 48). The Court recommends dismissal of Count III against Peoria County. However, the Court recommends that Peoria County remain as a necessary defendant. The Court FURTHER RECOMMENDS that the motion to dismiss by the Peoria County Sheriff's Office be denied (d/e 50).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   April 17, 2009

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE