E-FILED
Wednesday, 27 May, 2009  12:10:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAE ANN SNYDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 06-1038 |
| JEFFREY HALL, COUNTY OF PEORIA, and PEORIA COUNTY SHERIFF'S OFFICE, | ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

On April 17, 2009, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and the prior Orders of the Court, which are incorporated by reference. Suffice it to say that Plaintiff brought this litigation based on the events that transpired during an underlying arrest and criminal prosecution. The County has moved to dismiss the Third Amended Complaint for failure to state a claim, as it is not Defendant Hall's employer. Under Illinois law, Hall is clearly an employee of the Sheriff's

Office, and the County is entitled to dismissal of any direct claim for liability against it asserted in Count III of the Third Amended Complaint.

The Sheriff's Office has separately moved to dismiss official capacity claims asserted against it in the Third Amended Complaint. The Court agrees that although the ultimate success of a claim that the Sheriff's Office had an unconstitutional policy is far from clear, it would be premature to dismiss the claim prior to discovery, as it is not beyond doubt that Plaintiff could prove no set of facts in support of her claim that would entitle her to relief.

Accordingly, the Court now adopts the Report & Recommendation [#59] of the Magistrate Judge in its entirety. Peoria County's Motion to Dismiss [#48] is GRANTED; however, Peoria County shall remain in the case as a necessary party. The Motion to Dismiss by the Peoria County Sheriff's Office [#50] is DENIED.

ENTERED this 27th day of May, 2009.

                                         s/ Michael M. Mihm
                                         Michael M. Mihm
                                         United States District Judge